UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHARLES EDWARD AVERILL,

    Petitioner,

v.                                                  Case No. 2:07-cv-006
                                                      HON. ROBERT HOLMES BELL

JERI-ANN SHERRY,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

        Petitioner Charles Edward Averill filed this petition for writ of habeas corpus challenging the validity of his conviction for one count of assault with intent to do great bodily harm less than murder, one count of third-offense domestic violence, one count of procuring perjury, and two counts of felonious assault. Petitioner pleaded no contest to these counts on June 14, 2005. On July 21, 2005, petitioner was sentenced to a prison term of 95 months to 15 years on the assault with intent to do great bodily harm less than murder charge, 24 months to 36 months on the domestic violence charge, 36 months to 7 years on the perjury charge, and 28 months to 6 years on each of the felonious assault charges, all to be served concurrently. Petitioner's appeals to the Michigan Court of Appeals and Michigan Supreme Court were denied.

        Petitioner maintains that his conviction was obtained in violation of his federal rights. The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision. In accordance with 28 U.S.C. § 636(b), authorizing United States

Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I am recommending that this petition for writ of habeas corpus be denied.

Petitioner has raised the following issues in his petition:

I. Due process requires resentencing and/or specific performance of a plea bargain agreement.
    A.    Where the prosecutor and defense trial counsel stipulated that the sentencing guideline range was 34 to 84 months, the prosecutor promised to recommend a sentence within that stipulated range and failed to do so; and the trial court failed to offer Petitioner/Appellant the opportunity to withdraw his nolo contendre plea before imposing a sentence that was not in accord with what the prosecutor had agreed to recommend.
    B.    The Court imposed a sentence beyond the terms of the plea agreement without giving Petitioner the opportunity to withdraw the plea of nolo contendre.
    C.    The trial Court was erroneous in the judgment of sentence in that nothing indicated Petitioner/Appellant was a Habitual Offender fourth (contrary to the plea agreement) and in imposing a 15 year maximum sentence when it should have been 7 years maximum.

II. Petitioner is entitled to resentencing because the sentencing guidelines range was enhanced by the scoring of offense variables 1, 2, 3, 4, and 10 for Counts 1, and 8, on the basis of facts not proven to a jury beyond a reasonable doubt nor admitted by Petitioner in his plea, in violation of the Sixth and Fourteenth Amendments to the United States Constitution.

III. Petitioner/Appellant is entitled to a resentencing because the trial Court misscored offense variables , 2, 3, 4, and 10 for Counts 1, and 3, which causes the sentence Petitioner receives to be a departure from the statutory sentencing guidelines not supported by compelling reasons for departure.

In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective. Because this petition was filed after the effective date of the AEDPA, this Court must follow the standard of review established in that statute. Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state

conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all

reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy,* 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

Petitioner claims that due process requires resentencing and/or specific performance of a plea bargain agreement. Specifically, petitioner states that the prosecutor and petitioner's trial counsel stipulated that the sentencing guideline range was from 34 to 84 months, and that the prosecutor failed to recommend a sentence within this range despite his promise to do so. Additionally, petitioner states that the court was erroneous in its sentence when it imposed a 15 year maximum sentence rather than a 7 year maximum sentence for the assault with intent to do great bodily harm less than murder charge.

Generally, errors in sentencing do not present a federal issue cognizable in habeas corpus proceedings. *See Johnson v. Arizona*, 462 F.2d 1352 (9th Cir. 1972); *Pringle v. Beto*, 424 F.2d 515 (5th Cir.1970). To the extent that petitioner challenges the correctness of his sentence on

the basis of state law, petitioner is not entitled to habeas review unless there has been a fundamental miscarriage of justice. *See Bagby v. Sowers*, 894 F.2d 792 (6th Cir.), *cert. denied*, 496 U.S. 929 (1990).

Furthermore, MCL § 750.84 provides for punishment of up to 10 years of imprisonment for the crime of assault with intent to do great bodily harm less than murder. Because of petitioner's plea of second-offense habitual offender, and pursuant to MCL § 769.10, this statutory maximum may be enhanced by fifty percent, increasing the statutory maximum to 15 years. Therefore, petitioner has not set forth a federal question because his sentence was imposed within the state statutory limit. *Haynes v. Butler*, 825 F.2d 921, 923-24 (5th Cir. 1987), *cert. denied*, 484 U.S. 1014 (1988).

> [A] state trial court's sentencing decision and claims arising out of the decision are not generally constitutionally cognizable, [though] relief may be required where a petitioner is able to show that the sentence imposed exceeds or is outside the statutory limits, or is wholly unauthorized by law. *E.g.*, *Bozza v. United States*, 330 U.S. 160, 166, 67 S.Ct. 645, 648-49, 91 L.Ed. 8181 (1947); *United States v. Jackson*, 696 F.2d 320, 321 (5th Cir. 1983); *Willeford v. Estelle*, 538 F.2d 1194, 1196-97 (5th Cir. 1976). If the sentence is within the statutory limits, the petitioner must show that the sentencing decision was wholly devoid of discretion or amounted to an 'arbitrary or capricious abuse of discretion,' or that an error of law resulted in the improper exercise of the sentence's discretion and thereby deprived petitioner of his liberty.

*Id*. at 923-24.

Petitioner's sentence does not exceed the statutory limit nor has petitioner shown that the sentence amounted to an arbitrary and capricious abuse of discretion. Furthermore, the sentencing record contains no mention of the plea agreement having included a recommendation of 34 to 84 months. During the plea hearing, the record shows that petitioner's trial counsel stated that he believed the guideline range to be 34 to 84 months. However, the sentencing record shows that

petitioner's trial counsel responded affirmatively when asked if 38 to 95 months was the correct guideline range. The sentencing record further shows that the plea agreement included only a recommendation by the prosecutor that the sentence imposed be within the guidelines, which had now been found to be at 38 to 95 months. Therefore, the Michigan appellate courts' denial of leave to appeal this issue did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

As part of his first claim, petitioner argues that due process was violated when the trial court imposed a sentence beyond the terms of the plea agreement without giving petitioner the opportunity to withdraw his no contest plea. This claim goes to the validity of petitioner's no contest plea. The constitutional validity of a guilty plea, or in this case, a no contest plea, entered in the state courts is to be judged under the due process standard set forth by the United States Supreme Court in *Boykin v. Alabama*, 395 U.S. 238 (1969). Under *Boykin*, a guilty plea must be knowing and voluntary in order to withstand scrutiny under the Due Process Clause. A criminal defendant enters a guilty plea knowingly when he understands the nature of the charge and the "direct consequences" of his plea. *See Brady v. United States*, 397 U.S. 742, 748 (1970). In general, a defendant is aware of the direct consequences of the plea if he or she is aware of the maximum and minimum (if any) sentence that may be imposed. *See King v. Dutton*, 17 F.3d 151, 153-54 (6th Cir.), *cert. denied*, 504 U.S. 1222 (1994); *Hart v. Marion Corr. Inst.*, 927 F.2d 256, 259 (6th Cir.), *cert. denied*, 502 U.S. 816 (1991).

When a state prisoner brings a federal habeas petition challenging the voluntariness of his plea, the state generally satisfies its burden of showing a voluntary and intelligent plea by

producing a transcript of the state-court proceeding. *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993). Where the transcript is adequate to show that the plea was voluntary and intelligent, a presumption of correctness attaches to the state court findings of fact and to the judgment itself. *Id*. A satisfactory state-court transcript, containing findings after a proper plea colloquy, places upon petitioner a "heavy burden" to overturn the state findings. *Id*. at 328; *see Parke v. Raley*, 113 S.Ct. 517, 523 (1992). In the present case, after a thorough interrogation of petitioner, the state judge found that petitioner's plea of no contest was entered into knowingly and voluntarily. (*See* Plea Transcript, Docket #19.) Petitioner has not met the "heavy burden" necessary to overturn this finding. Therefore, the Michigan appellate courts' denial of leave to appeal this issue did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

In his second claim, petitioner relies on *Blakely v. Washington*, 542 U.S. 296 (2004), arguing that any increase in a sentence imposed based on facts not submitted to a jury is unconstitutional. However, the issue presented in *Blakely* was the constitutionality of a statute which set out a guideline range of sentences, but permitted a court to impose a sentence in excess of those guidelines based on facts not submitted to a jury. In Michigan, a court does not have the authority to exceed the statutorily authorized sentence, and the sentences imposed here by the trial court do not exceed the statutorily authorized sentences. Therefore, *Blakely* is not applicable. The Michigan appellate courts' denial of leave to appeal this issue did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the

Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

In his third claim, petitioner argues that he is entitled to a new sentence because the trial court departed from the sentencing guidelines and the decision was not supported by compelling reasons for departure. As was discussed above, petitioner's sentence did not exceed the statutory maximum imposed by MCL § 750.84 and MCL § 769.10 and petitioner has not shown that the sentence amounted to an arbitrary and capricious abuse of discretion. Therefore, the Michigan appellate courts' denial of leave to appeal this issue did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

In summary, the undersigned concludes that petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court

in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of petitioner's claims was debatable or wrong. With regard to petitioner's claims concerning the sentence imposed, petitioner has failed to show that the sentence exceeded the statutory limit or constituted an abuse of discretion. With regard to petitioner's claim that he was not allowed to withdraw his no contest plea, petitioner has failed to show that his no contest plea was involuntary. Petitioner has also failed to show a constitutional violation in the judge's consideration of facts not found by the jury beyond a reasonable doubt in sentencing, since *Blakely* does not apply to the Michigan sentencing scheme. Therefore, the undersigned recommends that the court deny petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

      /s/ Timothy P. Greeley  
      TIMOTHY P. GREELEY  
      UNITED STATES MAGISTRATE JUDGE

Dated:   June 22, 2009